# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent<br><br>v.<br><br>JOSE VALADEZ, JR.,<br><br>    Defendant-Petitioner | CASE NO. 1:14-CR-207-AWI<br><br>**ORDER DENYING DEFENDANT'S PETITION UNDER 28 U.S.C. § 2255**<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Doc. No.'s 53, 59 and 61) |

Petitioner Jose Valadez, Jr. brings this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing that his conviction for "brandishing a firearm during a crime of violence" is constitutionally infirm in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"), *Welch v. United States*, 136 S.Ct. 1257 (2016), and *Session v. Dimaya,* 138 U.S. 1204 (2018). Petitioner contends that his conviction for armed bank robbery no longer qualifies as a "crime of violence" under either the residual clause or the elements clause of 18 U.S.C. § 924(c)(3)(B). Therefore, Petitioner argues his brandishing conviction cannot stand.

Respondent U.S.A. avers Petitioner's armed bank robbery conviction is indeed a "crime of violence" under the elements clause of § 924(c), as dictated by Ninth Circuit precedent, so the Court need not reach any *Johnson II* issue that may or may not apply.

For the following reasons, Petitioner's motion will be denied.

/ / /

/ / /

## Background

In June of 2014, Petitioner pleaded guilty to one count of armed bank robbery, 18 U.S.C. § 2113(a) & (d), and one count of brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c). *See* Doc. No. 50. On November 23, 2015, the Court entered judgment, sentencing Petitioner to 34 months for the armed bank robbery charge and 84 months for the firearm charge, to run consecutively. *See Id*. After the U.S. Supreme Court deemed the residual clause of the armed career criminal act unconstitutional, Defendant appealed for habeas relief under § 2255, seeking dismissal of his § 924(c) brandishing conviction. *See* Doc. No.'s 53 and 59. On September 7, 2016, the Court stayed the proceedings on the recommendation of the Ninth Circuit, pending the Circuit Court's decision in *United States v. Begay*, 14-10080. *See* Doc. No. 60. In April 2018, the Court lifted the stay due to the delay in the *Begay* proceedings. *See* Doc. No. 62.

## Legal Standard

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255 sub. B, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *United States v Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011); *Baumann v United States*, 692 F.2d 565, 571 (9th Cir. 1983). A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on merely conclusory statements. *Id*.; *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is requires if: (1) a petitioner alleges specific facts which if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to relief. *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004).

*Analysis*

Under 18 U.S.C. § 924(c)(1)(A), a defendant is subject to an enhanced sentence of imprisonment if he, "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]" At the time of Defendant's sentencing, a crime could qualify as a "crime of violence" in one of two ways. The "elements clause" allows a crime to be categorized as such if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). The "residual clause" allows for such a categorization if the crime is one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B).

In 2015, the U.S. Supreme Court had found a substantially-similar residual clause in the Armed Career Criminal Act unconstitutional. *See Johnson II*, 135 S. Ct. at 2557; *see also Welch v. United States*, 136 S. Ct. 1257, 1264-68 (2016) (holding that *Johnson II* announced a new substantive rule that has retroactive effect in cases on collateral review). After Petitioner filed his initial (and amended) § 2255 petition, the Court stayed this action on the suggestion of the Ninth Circuit, which at the time was considering the application of *Johnson II* to § 924(c)'s residual clause. *See* Doc. No. 60. However, despite the existence of a potential *Johnson II* issue, the Court finds it need not reach this issue in this case because Petitioner's conviction is sustainable under the "elements clause" of § 924(c)(3)(A).

As set forth in 18 U.S.C. § 2113(a), bank robbery is defined as follows:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years; or both.

Additionally, subsection (d) of § 2113 provides:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

Controlling Ninth Circuit case law has established that armed bank robbery is categorically a crime of violence under the "elements clause" of 18 U.S.C. § 924(c)(3). *See United States v. Wright*. 215 F.3d 1020, 1028 (9th Cir. 2000). This is so because "one of the elements of the offense is a taking 'by force and violence, or by intimidation.'" *Id.* (citing § 2113(a)); *see also United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) ("[P]ersons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1[,]" which governs felonies that "[have] as an element the use, attempted use, or threatened use of physical force against the person of another[.]"). The Ninth Circuit has reaffirmed this principle, most recently in *United States v. Watson*, stating that "armed bank robbery under § 2113(a) and (d) qualifies as a crime of violence under § 924(c)" under the elements clause. 881 F.3d 782, 786 (9th Cir. 2018); *see also United States v. Gutierrez,* 876 F.3d 1254, 1257 (9th Cir. 2017) (reaffirming *Selfa* in holding that federal bank robbery is a crime of violence); *United States v. Cross*, 691 F. App'x 312 (9th Cir. 2017) ("We held in [*Selfa*] that unarmed bank robbery in violation of § 2113(a) constitutes a crime of violence under the '[elements] clause' . . . [and similarly] we held in [*Wright*] that armed bank robbery in violation of § 2113 (a) & (d) constitutes a crime of violence within the meaning of 18 U.S.C. § 924(c). No intervening authority has overruled these precedents."); *United States v. Pritchard,* 692 F. App'x 349, 351 (9th Cir. 2017) ("We have twice held that armed bank robbery in violation of 2113(a) qualifies as a crime of violence."); *United States v. Jordan*, 680 F. App'x 634, 635 (9th Cir. 2017) ("Under our current case law, § 2113(a) bank robbery categorically qualifies as a 'crime of violence' under § 924(c)(3)(A)."). Thus, Ninth Circuit precedent forecloses Petitioner's argument, and therefore his § 2255 motion must be denied.

**CERTIFICATE OF APPEALABILITY**

A federal prisoner seeking to vacate his conviction has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—[¶]
 (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To make a substantial showing of the denial of a constitutional right under § 2253(c)(2), the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

Here, Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability due to the foreclosure of his claim by Ninth Circuit precedent. Therefore, no certificate of appealability shall issue.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's § 2255 Motions (Doc. No.'s 53, 59 and 61) are DENIED; and

2. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  June 18, 2018  

_____
SENIOR DISTRICT JUDGE